THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEYLON DAVIS,               )<br>                  Petitioner,   )<br>                             )<br>    vs.                      )<br>                             )<br> S.C.I. PITTSBURGH; ATTORNEY  )<br> GENERAL OF THE STATE OF     )<br> PENNSYLVANIA,              )<br>                  Respondents. ) | Civil Action No. 14-1045<br>Chief Magistrate Judge Maureen P. Kelly |

**OPINION**

Jeylon Davis ("Petitioner") was convicted of robbery, simple assault and recklessly endangering another person and was sentenced to an aggregate term of imprisonment of 7 ½ years to 15 years followed by a six year period of probation.

Petitioner raises three Grounds for Relief in the instant Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (the "Petition"). Because none of the Grounds merits the grant of federal habeas relief, the Petition will be denied. Because jurists of reason would not find denial of the Petition debatable, a Certificate of Appealability will also be denied.

**I. FACTUAL HISTORY**

The Pennsylvania Superior Court summarized the factual background of this case as follows in its Opinion dated October 24, 2013:

> On January 23, 2006, at approximately 11:50 p.m., Appellant robbed the victim at gunpoint while she was crossing Bates Street in the Oakland section of Pittsburgh. Appellant approached the victim in the middle of the street, grabbed her arm, pointed a gun at her, and demanded, "Give me everything," before he pushed her to the ground on the side of the road, stood over her, and repeated his demand. N.T, 5/22/08, at 82-84.
> As the incident unfurled, on-duty uniformed University of Pittsburgh Police Officer Norbert Kuczma was driving his personal vehicle to his post. While at the intersection of Bates and Meyran Streets, Officer Kuczma

observed Appellant assault the victim. Officer Kuczma approached the scuffle in his vehicle, rolled down the passenger window, and inquired if there was a problem. Unaware that Officer Kuczma was a police officer, Appellant approached the open passenger window of the vehicle, leaned in, and, looking directly at the police officer, stated that everything was fine. *Id*. at 66. Officer Kuczma noticed that Appellant's right hand was holding his jacket pocket as if he were concealing a weapon. Concerned that Appellant might pose a danger, he advised him, "Don't go anywhere, I want to talk to you." *Id*. at 67. Realizing that Officer Kuczma was a police officer, Appellant fled from Bates Street toward Boulevard of the Allies.

Officer Kuczma radioed Appellant's description and direction of flight to other police officers in the area. The flash information advised that Appellant might be armed. *Id*. at 70. Minutes later, University of Pittsburgh Police Officers Preston Peterson and Scott Dubrosky apprehend Appellant nearby. The police officers executed a weapons frisk, but nothing was found. *Id*. at 104. At that juncture, Appellant asked the police why they had chased him and Officer Peterson answered that they wanted to talk to him because he fit the description of a robbery suspect. Appellant responded, "How can you arrest me for something if I don't have a gun?" *Id*. at 105. Significantly, at that point in the interdiction, Appellant had not been informed that the robbery suspect was believed to have possessed a gun.

Officer Kuczma proceeded to the location where his fellow officers detained Appellant, and he positively identified Appellant as the assailant who was attacking the victim on Bates Street. *Id*. at 73-74. Likewise, the victim arrived at that location and identified Appellant as her assailant. *Id*. at 85-86, 95-97. Subsequently, at Appellant's preliminary hearing, the victim reported that she was only seventy to eighty percent sure that Appellant was the criminal. She noted that she could not remember 100 percent of the details of the evening and that, due to the darkness and her anxiety during the ordeal, she did not see some of her assailant's features. Appellant was held over for trial.

As the victim was unavailable to testify at Appellant's jury trial, her preliminary hearing testimony was read into the record. *Id*. at 81-97. Additionally, the Commonwealth presented the eyewitness observations and identification testimony of Police Officer Kuczma. Through Officer Peterson's testimony, it introduced Appellant's query, "How can you arrest me for something if I don't have a gun?" *Id*. at 105.

Pa. Superior Court slip op., ECF No. 12-10 at 1 – 3.

## II. PROCEDURAL HISTORY

### A. State Procedural History

On May 23, 2008, Petitioner was convicted of inter alia, third degree murder. No direct appeal was filed at that time. On March 26, 2009, Petitioner filed a Post Conviction Relief Act ("PCRA") Petition, which ultimately resulted in the reinstatement of Petitioner's direct appeal rights on February 22, 2010. Accordingly, on March 16, 2010, Petitioner filed a direct appeal to the Superior Court. In response to Petitioner's Concise Statement of Matters Complained of on Appeal, the trial court issued its opinion on May 19, 2010, explaining the reasons for denying relief. ECF No.12-2 at 62 – 67. On December 3, 2010, the Superior Court affirmed the trial court and adopted the trial court's opinion as its own. ECF No. 12-3 at 36 – 37. On December 30, 2010, Petitioner filed a Petition for Allowance of Appeal to the Pennsylvania Supreme Court which denied it on July 26, 2011. ECF No. 12-5 at 3. On May 30, 2012, Petitioner filed a PCRA Petition, which was denied, after a hearing, by the PCRA Court, on October 22, 2012. Petitioner appealed. The PCRA Court issued its opinion on March 7, 2013. ECF No. 12-7 at 34 – 40. Thereafter, the Superior Court affirmed on October 24, 2013. ECF No. 12-10 at 1 – 11. The Pennsylvania Supreme Court denied the Petition for Allowance of Appeal on March 25, 2014.

### B. Federal Procedural History

On August 6, 2014, Petitioner filed the instant Petition in this Court,[1] raising the following three Grounds for Relief:

> GROUND ONE: Ineffectiveness of counsel[.] The victim in the crime did not show for judgment of conviction or trial. Also stating in preliminary hearing the she/ [illegible] was not 100% sure of the person committing the crime.

---

[1] Petitioner failed to include a filing fee or the required forms to proceed in forma pauperis. As such, the Petition was docketed on October 21, 2014, ECF No. 4, after the deficiency was corrected by Petitioner.

3

> GROUND TWO: Miranda warning[.] It was stated that upon arrest I blurted out a [sic] inquirment of why I was being detained and "how can I be detained for this crime when I don't have the tools for the crime to be done.["]

ECF No. 1 at 2.

> GROUND THREE: My length of sentencing[.] On chart it states a person serving time for a conviction of robbery is given a maximum of 24 months.

Id. at 3.

Respondents filed an Answer denying that Petitioner was entitled to any relief. ECF No. 12. All parties have consented to have the United States Magistrate Judge exercise plenary jurisdiction. ECF Nos. 9 and 13.

### III. AEDPA

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, tit. I, §101 (1996) (the "AEDPA") which amended the standards for reviewing state court judgments in federal habeas petitions filed under 28 U.S.C. § 2254 was enacted on April 24, 1996. Because Petitioner's habeas Petition was filed after its effective date, the AEDPA is applicable to this case. Werts v. Vaughn, 228 F.3d 178, 195 (3d Cir. 2000).

Where the state courts have reviewed a federal issue presented to them and disposed of the issue on the merits, and that issue is also raised in a federal habeas petition, the AEDPA provides the applicable deferential standards by which the federal habeas court is to review the state courts' disposition of that issue. See 28 U.S.C. § 2254(d) and (e).

In Williams v. Taylor, 529 U.S. 362 (2000), the United States Supreme Court has expounded upon the standard found in 28 U.S.C. § 2254(d). In Williams, the Supreme Court explained that Congress intended that habeas relief for errors of law may only be granted in two situations: 1) where the state court decision was "contrary to . . . clearly established Federal law

4

as determined by the Supreme Court of the United States" or 2) where that state court decision "involved an unreasonable application of[] clearly established Federal law as determined by the Supreme Court of the United States." Id. at 404-05 (emphasis deleted). A state court decision can be contrary to clearly established federal law in one of two ways. First, the state courts could apply a wrong rule of law that is different from the rule of law required by the United States Supreme Court. Secondly, the state courts can apply the correct rule of law but reach an outcome that is different from a case decided by the United States Supreme Court where the facts are indistinguishable between the state court case and the United States Supreme Court case.

The AEDPA also permits federal habeas relief where the state court's adjudication of the claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).

### III. DISCUSSION

**A. Ground One – Ineffectiveness of Counsel**

We turn first to the Ground One, a claim of ineffectiveness of counsel. Respondents assume, as does the Court, that Petitioner is raising, in Ground One, two claims that Petitioner raised in state court. The first claim is a claim that trial counsel was ineffective for failing to continue to object to the use of the victim's preliminary hearing testimony at trial because in Petitioner's opinion, the victim was not truly unavailable and the Commonwealth did not make a good faith effort to secure her presence at trial. We take this issue to be substantially the equivalent of the issue Petitioner raised on his reinstated direct appeal. See Petitioner's Appeal Brief, ECF No. 12-3 at 15 ("THE TRIAL COURT ERRED IN PERMITTING THE COMMONWEALTH'S USE OF VICTIM JUNE YU'S PRELIMINARY HEARING TESTIMONY (PURSUANT TO PA.R.E. 804). . . . SINCE THE WITNESS WAS NOT

UNAVAILABLE AND THE COMMONWEALTH DID NOT MAKE A GOOD FAITH EFFORT TO SECURE HER PRESENCE AT TRIAL.").

The second claim is that trial counsel was ineffective for failing to request a *Kloiber* instruction under state law based upon the fact that the victim testified at the preliminary hearing that she was not 100% sure that the defendant was her attacker. We take this issue to be the same as the issue raised in his Post Conviction Relief Act proceedings. ECF No. 12-8 at 6 ("DID THE TRIAL COURT ERR IN DENYING APPELLANT'S PCRA PETITION SINCE TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO REQUEST A KLOIBER JURY INSTRUCTION SINCE THE VICTIM WAS NO POSITIVE IN HER OUT OF COURT OR IN COURT IDENTIFICATION OF APPELLANT?").

### 1. Ineffective for not objecting to use of victim's preliminary hearing testimony.

Petitioner alleges his trial counsel was ineffective for failing to continually challenge the use the victim's preliminary hearing testimony at his criminal trial. The trial court addressed the issue of the use of the victim's preliminary hearing testimony at trial on the merits in its May 19, 2010 opinion. ECF No. 12-2 at 62 – 67. This same issue was raised on the reinstated direct appeal and the Pennsylvania Superior Court adopted the trial court's May 19, 2010 opinion in full. Superior Court slip op., ECF No. 12-3 at 36 – 37. The trial court essentially found that under state law, specifically, Pa. R.E. 804(a), the Commonwealth had demonstrated that it made a good faith effort to procure the attendance of the missing witness but the witness was nonetheless unavailable and, therefore, the use of the victim's preliminary hearing testimony at Petitioner's criminal trial was permitted under state evidentiary law. ECF No. 12-2 at 66 - 67.

We find the state courts' reasoning as to the unavailability of the victim under state law dooms any claim that Petitioner's trial counsel or appellate counsel were ineffective for failing to

6

raise an objection to the use of the preliminary hearing testimony at his trial. This is because counsel cannot be deemed ineffective for failing to raise a meritless claim. Werts v. Vaughn, 228 F.3d at 203 ("counsel cannot be ineffective for failing to raise a meritless claim.").

### 2. Ineffective for failing to request a Kloiber instruction.

Petitioner claims that his trial counsel was ineffective for failing to request a *Kloiber* instruction under state law. Under state evidentiary law, a *Kloiber* "instruction is appropriate where an eyewitness is not positive of her identification or where the witness qualified her identification." ECF No. 12-10 at 9 n.2.

The Superior Court addressed this issue on the merits noting that a *Kloiber* instruction would have been appropriate under state law because the victim's testimony on identifying the Petitioner as her attacker was not 100% certain. Id. at 10. However, the Superior Court then went on to find that because Officer Kuczma did positively identify Petitioner as the victim's attacker and was unequivocal in his identification, Petitioner's ineffectiveness claim fails because Petitioner cannot establish prejudice as is required to succeed on an ineffectiveness claim. Specifically, the Superior Court held that

> Officer Kuczma explicitly identified Appellant both on the night in question and during the trial and testified that he observed Appellant pull the victim across the street and hold her down on the ground. N.T., 5/22/08, at 63-65, 66-67, 73-74. As Officer Kuczma wheeled his vehicle to the sidewalk where Appellant was hovering over the victim, he rolled down his passenger-side window and yelled to Appellant, who approached Officer Kuczma's vehicle, looked in the passenger side window, and stated that there was no problem. ***Id***. at 66-67.
>
> In light of Officer Kuczma's clear view of Appellant at the crime scene and his positive identification of Appellant as the assailant during trial, Appellant's ineffective assistance of counsel claim fails due to his inability to demonstrate that he suffered prejudice as a result of trial counsel's decision to forgo the **Kloiber** instruction in relation to the victim's identification of Appellant. Simply stated, regardless of the victim's equivocation, Officer Kuczma's unqualified identification was sufficient to sustain the jury's

> verdict. Thus, no relief is due. *See Luster*, *supra* at 1039 (failure to
> satisfy any prong of test for ineffectiveness will defeat claim.).

Superior Court slip. op., ECF No. 12-10 at 10 – 11 (footnote omitted).  Petitioner fails to show that the foregoing was contrary to or an unreasonable application of United States Supreme Court jurisprudence on ineffectiveness.  Accordingly, this claim fails to merit relief in this federal habeas proceeding.

    **B.  Ground Two - Miranda warning not given to Petitioner.**

In Ground Two, Petitioner complains that a statement which he made to the arresting officers should not have been admitted at trial because he was not given his Miranda warnings. The statement that Petitioner made and which he contends is objectionable is the statement that he blurted out when the officers chased him and caught him. Appellant asked the police why they had chased him and Officer Peterson answered that they wanted to talk to him because he fit the description of a robbery suspect. Appellant responded, "How can you arrest me for something if I don't have a gun?"

The Superior Court held that the statement which Petitioner made and which was admitted into evidence at his criminal trial did not violate Miranda because even if he was in custody at that point, he was not being interrogated by the police and therefore, Miranda warnings were not required and the statement was not subject to being suppressed on that ground.  ECF No. 12-10 at 6 – 8.  Petitioner fails to argue, yet alone, establish that the Superior Court's disposition of this claim is contrary to or an unreasonable application of Supreme Court jurisprudence regarding Miranda warnings.  Indeed, we find it is not.  U.S. v. Duncan, 308 F. App'x 601, 608 n. 6 (3d Cir.2009) ("Warnings pursuant to *Miranda* are required only if a suspect is both in custody and subject to interrogation."); U.S. v. Perez-Vasquez, 2009 WL 90847, at *3 (3d Cir. 2009) ("A *Miranda* warning is only required to be given when a suspect is in custody

and subject to interrogation.") (citing Alston v. Redman, 34 F.3d 1237, 1246-47 (3d Cir. 1994)); U.S. v. Willaman, 437 F.3d 354, 359 (3d Cir. 2006) ("*Miranda*, of course, requires warnings only when the person the police are questioning is in custody."). Accordingly, Ground Two does not afford Petitioner relief in this federal habeas proceeding.

### C. Ground Three – Illegal Sentence.

In Ground Three, Petitioner apparently claims that the maximum sentence for a conviction of robbery is no greater than 24 months. However, as Respondents point out, this particular claim was not raised in state courts. Accordingly, we find this claim to have been procedurally defaulted. Even if not procedurally defaulted, the claim lacks merit given that the factual premise, i.e., the maximum sentence for robbery is 24 months under state law, is simply erroneous as pointed out by Respondents because the maximum sentence for robbery is 240 months. ECF No. 12 at 24 -25. Accordingly, this issue cannot afford Petitioner relief in this federal habeas proceeding.

## IV. CONCLUSION

For the reasons set forth herein, the Petition is denied. Because we conclude that jurists of reason would not find the foregoing disposition of Petitioner's claims debatable, a certificate of appealability is also denied.

BY THE COURT:

Date: March 10, 2017

s/Maureen P. Kelly
MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

9

cc: JEYLON DAVIS
HS 0272
S.C.I. Pittsburgh
P.O. Box 99991
Pittsburgh, PA 15233

All counsel of record via CM-ECF